IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY SMITH,

    Plaintiff,

vs.                                  CASE NO. 3-10-cv-546/RS-EMT

BELLSOUTH TELECOMMUNICATIONS
INC.,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion and Incorporated Memorandum of Law to Strike Plaintiff's Request for Emotional Damages (Doc. 8) and Plaintiff's Motion for Extension of Time to File Response (Doc. 12),

Plaintiff has filed a one-count Complaint (Doc. 1) alleging retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Plaintiff, in part, seeks compensatory damages for "his emotional distress [and] humiliation."

The FMLA provides that employers are liable for damages equal to the amount of "any wages, salary, employment benefits, or other compensation denied or lost" to an employee because of a violation. 29 U.S.C. § 2617(a)(1)(A). "The FMLA does not allow recovery for mental distress." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999). *Accord Rodgers v. City of Des Moines*, 435 F.3d 904 (8th Cir. 2006) (citing agreement with the Fourth, Fifth, Tenth, and Eleventh Circuits). It also does not allow for punitive damages. *Andrews v. CSX Transp., Inc.*, 2009 U.S. Dist.

LEXIS 119155 (M.D. Fla. 2009) (citations omitted).

**IT IS ORERED:**

1. Defendant's Motion to Strike (Doc. 8) is **GRANTED**.

2. Pursuant to Fed. R. Civ. P. 12(f), any references to damages for emotional distress, humiliation, mental anguish, and punitive damages are stricken from the complaint as immaterial.

3. Plaintiff's Motion for Extension of Time (Doc. 12) is **DENIED as moot**.

**ORDERED** on June 8, 2011.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**